# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR10-4083-MWB |
| vs. | **ORDER** |
| SIDNEY CHARLES, | |
| Defendant. | |

_____

The defendant has filed a motion (Doc. No. 129) to sever his case from that of his codefendants on the basis that "the Government's case against the co-defendants differs widely from the factual allegations made against Defendant Charles." The defendant argues the Government's case only involves three drug transactions, or attempted transactions, in which he allegedly was involved, while the case against the other codefendants involves nine other charged counts of possession or distribution with which Charles had no involvement. He argues there "was no common scheme or agreement between [himself] and the other defendants," and he only knew the other defendants either by relation, association, or acquaintance. Charles argues he would be prejudiced unfairly by a joint trial with the codefendants.

The Government has filed a motion (Doc. No. 152) for an extension of time until December 27, 2010, to respond to Charles's motion. The Government's motion is **denied**. The trial of this case is scheduled for January 3, 2011, making a December 27th response date unworkable for the court and the parties. In any event, the court does not require the Government's response to rule on Charles's motion.

Regarding joinder of trials, the United States Supreme Court has held:

> Rule 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are

alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209, 107 S. Ct. 1702, 1708, 95 L. Ed. 2d 176 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Id.*, at 210, 107 S. Ct., at 1708. For these reasons, we repeatedly have approved of joint trials. *See ibid.*; *Opper v. United States*, 348 U.S. 84, 95, 75 S. Ct. 158, 165, 99 L. Ed. 101 (1954); *United States v. Marchant*, 12 Wheat. 480, 6 L. Ed. 2d 700 (1827); *cf.* 1 C. Wright, Federal Practice and Procedure § 223 (2d ed. 1982) (citing lower court opinions to the same effect). But Rule 14 recognizes that joinder, even when proper under rule 8(b), may prejudice either a defendant or the Government. Thus, the Rule provides:

> If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*Zafiro v. United States*, 506 U.S. 534, 537-38, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317 (1993).

However, "[a] defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than the evidence against him. . . . Severance becomes necessary [only] where . . . a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998). Charles has made no specific claims that are sufficient to overcome the preference for a joint trial. *See United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). "Where multiple defendants are tried together, the risk of undue prejudice is best

2

cured through cautionary instructions to the jury." *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006) (citing *United States v. Mickelson*, 378 F.3d 810, 817 (8th Cir. 2004)).

Charles has failed to meet his burden to show he would suffer serious prejudice from joinder with his codefendants for trial. His motion to sever is **denied**.

**IT IS SO ORDERED.**

**DATED** this 21st day of December, 2010.

*[signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT